UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREL R. FISHER,            ) | |
|            Plaintiff,    ) | |
| v.                           ) | Civil Action No. 1:22-cv-03674 (UNA) |
| CLAYTON R. HIGGINGS, JR., *et al.*, ) | |
|            Defendants.   ) | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner who is proceeding *pro se*, initially filed a complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF Nos. 2. Plaintiff failed, however, to submit his six-month financial accounting as required by 28 U.S.C. § 1915(a)(2). He has now filed his six-month financial statement, ECF No. 5, in compliance with the court's order directing same, ECF No. 3. The court may now review the Complaint, and in doing so finds that this case must be dismissed for the reasons stated below.

Plaintiff sues a Clerk of the United States Supreme Court, and a Postmaster located at "Post Office 334 Central," in Butner, North Carolina, alleging that Defendants have conspired to commit crimes against him "since 1997." Plaintiff admits he mailed his habeas corpus petition to the Supreme Court, but then claims that the Supreme Court Clerk illegally opened that mailing because he intended it to be forwarded from the Supreme Court to "the Circuit judge for the 4th Circuit." He contends that the Postmaster also violated the law by not ensuring that the mailing ultimately arrived at the Fourth Circuit unopened. Plaintiff seeks to "prosecute" defendants for multiple "criminal acts," and for this court to find them "liable criminally" under various "criminal statutes." He demands a criminal investigation and trial, equitable relief, and money damages.

First, Plaintiff attempts to sue defendants for alleged criminal acts, but he may not do so.

The criminal statutes he cites do not create a private right of action. *See Rockefeller v. U.S. Court of Appeals for the Tenth Circuit*, 248 F. Supp. 2d 17, 20 (D.D.C. 2003) (collecting cases); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted). Nor may Plaintiff sue to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012); *Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). Put differently, the decision of whether or not to prosecute, and for what offense, rests with the prosecution, *see, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), and "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion[,]" *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Second, court staff, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp.

2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). Indeed, "The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases." *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2001) (citing *Reddy v. O'Connor*, 520 F. Supp. 2d. 124, 130 (D.D.C. 2007)). If immunity were not extended to staff performing judicially related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted).

Third, to the extent that Plaintiff seeks equitable relief, this court lacks subject matter jurisdiction to review actions taken by the Supreme Court and its staff. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). "The Court can quickly dispatch with this request for [injunctive relief][;] although judicial immunity does not apply to requests for injunctive relief . . . the Court plainly lacks jurisdiction to compel official action by the U.S. Supreme Court justices or their staff." *Reddy*, 520 F. Supp. 2d at 132 (dismissing action against Supreme Court Justices and staff for want of jurisdiction, where plaintiff alleged that he was wronged by the court's failure

to grant certiorari and sought to "compel official action" by and through injunctive and declaratory relief) (citation omitted); *see Fuller v. Harris*, 258 F. Supp. 3d 204, 207 (D.D.C. 2017) (dismissing action to compel the Supreme Court and its clerks, by way of declaratory judgment, to file plaintiff's petition for writ of certiorari, based on the court's lack of jurisdiction to compel officials of higher court to take action) (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Thompson*, 43 U.S. 244, 257 (1844)).

Indeed, the District of Columbia Circuit has consistently "held that the lower federal courts have no authority to compel the Clerk of the Supreme Court to take any action because 'supervisory responsibility' over the Clerk is 'exclusive to the Supreme Court.'" *Reddy*, 520 F. Supp. 2d at 132 (quoting *In re Marin*, 956 at 340). "This holding applies no less to the deputy clerk and the law clerks, based on the same principle of the Supreme Court's exclusive supervisory responsibility over its staff." *Id.* (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Higgins*, No. 99–1576, 1999 WL 1029177, at *1 (D.D.C. June 18, 1999), *aff'd sub nom.*, 203 F.3d 52 (D.C. Cir. 1999)). And "[e]ven less needs to be said to explain that a lower federal court" patently lacks the ability "to compel the justices of the Supreme Court to take any action." *Reddy*, 520 F. Supp. 2d at 132–33; *Steele v. Supreme Court of U.S.*, 255 Fed. Appx. 534, 534–35 (per curiam) (finding same and affirming trial court's dismissal with prejudice of an action filed against the United States Supreme Court and its Clerk and staff); *In re Lewis*, No. 99–5015, 1999 WL 150347, at *1 (D.C. Cir. 1999) (per curiam) (same).

Fourth, Plaintiff's allegations that the Postmaster and Clerk somehow conspired against him are conclusory and insufficient to state a claim. *See Brady v. Livingood*, 360 F. Supp. 2d 94, 104 (D.D.C. 2004). The allegations are devoid of facts and fail to rise above pure conjecture. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C.

1996). Moreover, it is entirely unclear what obligation either defendant had to somehow discern or ensure that a mailing, with the Supreme Court's address, was to be later forwarded to a judge in the Fourth Circuit.

Consequently, the complaint is dismissed. An order consistent with this memorandum opinion is issued separately.

Date: April 12, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge